IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 309-016 |
| | ) | |
| ROBERT EDWARD ELMER | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Robert Edward Elmer. The United States of America, by and through its attorney, Edward J. Tarver, United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

Although Defendant did not file a specific motion for discovery, the government states that it has provided Defendant "open file" discovery in this case. The government has provided 13 pages of documents and 2 CD-ROM discs of discovery materials that include the investigation reports of the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office (attorney and agent and work product excepted, as well as personal witness information excepted), forensic reports, and Defendant's video-recorded confession. (Doc. no. 21, p. 1). Additional materials have also been made available for review at the offices of the FBI. (Id.). All known statements by Defendant have been produced or made available to him. (Id. at 2). The results of any scientific tests have been provided in the discovery materials, but if any further tests are conducted, the results will be provided upon their receipt. (Id.). In any event, the Court finds that the position of the United States Attorney in permitting full

disclosure of the government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant is **DENIED**. (Doc. no. 15). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court.[1] This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

---

[1] A motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. <u>United States v. Smith</u>, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

2

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 17), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most

the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 19).

## MOTIONS FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these requests are **GRANTED**. (Doc. nos. 22-1, 22-2).

SO ORDERED this 30th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE